**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2011

No. 11-30183
Summary Calendar

Lyle W. Cayce
Clerk

DAVID WAYNE POYDRAS,

Plaintiff-Appellant

v.

KEVIN J. MARTIN; JOHN DOE; TED FRIEDBURY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CV-1645

Before DAVIS, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

David Wayne Poydras, Louisiana prisoner # 115750, proceeding pro se, moves this court for authorization to proceed in forma pauperis (IFP) in an appeal of the district court's judgment dismissing his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted. Poydras contends that he filed his complaint as a § 1983 proceeding because there was an attempt on his life in prison when he filed a postconviction proceeding. Poydras asserts that hypnosis should not be allowed as an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

investigative tool in order to make citizens guilty of crimes.  Poydras also makes the allegation that "the district attorney went into the jury room during deliberations and threatened to kill [the jury] and their families if they did not vote guilty."

By moving to proceed IFP, Poydras is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Poydras, however, does not challenge the district court's reasons for dismissing his § 1983 complaint.  Accordingly, he has abandoned any challenge to the district court's determination that his § 1983 action was frivolous and failed to state a claim upon which relief may be granted. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Moreover, Poydras's assertions only confirm the district court's certification decision that Poydras's complaint is frivolous on its face.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Poydras has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  His IFP motion is therefore denied, and his appeal is dismissed.  *See Baugh*, 117 F.3d at 202 & n.24; *see* also 5th Cir. R. 42.2.  Poydras's motion for appointment of counsel is denied as well.  The district court's dismissal of his complaint and this court's dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Poydras is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.